UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                        Case No. 20-CR-20550
                                              Hon. Stephen J. Murphy

ARASH YOUSEFI JAM,

      Defendant.
_____/

**EMERGENCY MOTION FOR ORDER
COMPELLING UNITED STATES MARSHALL
TO DIRECTLY TRANSFER DEFENDANT
TO EASTERN DISTRICT OF MICHIGAN**

NOW COMES DEFENDANT, ARASH YOUSEFI JAM, and moves this Honorable Court to enter an order directing the United States Marshal to directly, and immediately, transport defendant from the place of his current incarceration, the Mecklenburg County Detention Center, Charlotte, North Carolina, to the Eastern District of Michigan, so that he may appear before this Court and answer to the indictment in the above entitled case, for the following reasons:

1.     Mr. Jam is a lawful resident of Canada, having emigrated there as a political refugee from Iran in approximately 2013.

2.     Mr. Jam is charged in a three count indictment with crimes alleging violations of United States economic sanctions against Iran.

3.	Although the indictment was filed with this Court on November 4, 2020, and a warrant issued that day for Mr. Jam's arrest, the indictment was sealed until January 13, 2021.

4.	On December 23, 2020 Mr. Jam was arrested on the warrant at the international Airport in Charlotte, North Carolina, when he arrived in the United States from Canada.

5.	Notwithstanding the requirements of Federal Rule of Criminal Procedure 5(a)(1)(A) that an arrested person appear before a magistrate judge "without unnecessary delay", Mr. Jam was not presented before a United States Magistrate Judge until December 28, 2020.

6.	At Mr. Jam's initial appearance, he agreed to be removed to the Eastern District of Michigan for prosecution, and consented to detention, reserving the right to seek release from the Eastern District of Michigan.

7.	Based upon Mr. Jam's consent, the magistrate judge entered an order of removal. Because the indictment in this case was under seal at the time of that hearing, the actual order was sealed, and, as of the filing of this motion, remains sealed.

8.	Upon information and belief, at the time of entering the order of removal, the magistrate judge ordered that Mr. Jam be removed to the Eastern District of Michigan within 14 days.

9. As of the date of filing this motion, more than 14 days after the date of his ordered removal, Mr. Jam remains detained at the Mecklenburg County (North Carolina) Detention Center.

10. As of the date of the filing of this motion, the United States Marshal Service has no plan in place to transport Mr. Jam to the Eastern District of Michigan.

11. Without an order from this Court compelling the United States Marshal to immediately transport Mr. Jam directly to the Eastern District of Michigan, Mr. Jam will remain in custody until the United States Marshal Service resumes transporting prisoners:

> A. Under the best of circumstances, if Mr. Jam remains detained in North Carolina, and is not moved to the Eastern District of Michigan until the normal Marshal movement process resumes, Mr. Jam will not arrive in the Eastern District of Michigan for at least two (2) to four (4) additional weeks.
>
> B. Without an order instructing the United States Marshal Service to transport Mr. Jam immediately and directly from Charlotte, North Carolina to the Eastern District of Michigan, Mr. Jam will be first transported to the BOP Oklahoma City Transit Center where there is currently an outbreak of the COVID-19 virus, which has delayed transportation of prisoners between facilities.
>
> C. Such a transport regimen would place, Mr. Jam at extreme medical risk because Mr. Jam has a history of multiple open heart surgeries, which would leave him vulnerable to infection by the COVID 19 virus (Exhibits 1 & 2, submitted under seal).
>
> E. Such a transport regimen would also interfere with Mr. Jam's due process rights, his rights to effective assistance of counsel, and his rights under the Speedy Trial Act.

  F. The current delay in transporting Mr. Jam has interfered with his counsel's ability to communicate with him, obtain evidence in his favor, and prepare his defense

12. The United States Marshal Service has the logistical capacity to comply with an order from this Court instructing it to immediately and directly transport Mr. Jam from Charlotte, North Carolina to the Eastern District of Michigan.

13. Counsel has discussed this matter with Assistant United States Attorney Hank Moon, who is in charge of this case, and Mr. Moon indicates that the government takes no position with regard to this request.

  WHEREFORE, ARASH YOUSEFI JAM moves this Honorable Court to enter an order directing the United States Marshal Service to immediately and directly transport Mr. Jam from the Mecklenburg County (North Carolina) Detention Center to the United States District Court for the Eastern District of Michigan for further proceedings regarding the indictment in the above entitled matter.

             Respectfully submitted,

             *S/ William W. Swor*
             WILLIAM W. SWOR (P21215)
             Attorney for Arash Yousefi Jam
             2450 Guardian Building
             500 Griswold Street
             Detroit, MI 48226
             (313) 967-0200
             wwswor@wwnet.net

DATED: January 15, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                    Case No. 20-CR-20550
                                            Hon. Stephen J. Murphy

ARASH YOUSEFI JAM,

        Defendant.
_____/

MEMORANDUM IN SUPPORT OF
EMERGENCY MOTION FOR ORDER
COMPELLING UNITED STATES MARSHALL
TO DIRECTLY TRANSFER DEFENDANT
TO EASTERN DISTRICT OF MICHIGAN

      United States District Courts have the authority to order the United States Marshal Service to transport prisoners, *Pennsylvania Bureau of Correction v. U.S. Marshals Service,* (1985) 474 U.S. 34, 106 S.Ct. 355.  No one before the court disputes that authority.  Here the Court is asked to order the Marshall to transport Mr. Jam from federal custody in North Carolina, to federal custody in the Eastern District of Michigan, where he is charged with criminal conduct.

      The Court is asked to exercise its authority for reasons specifically related to the case before it. The Court is asked to order the Marshall to directly transport Mr. Jam to the Eastern District of Michigan because the parties are informed and

believe that the magistrate judge before whom Mr. Jam first appeared in the Western District of North Carolina ordered that Mr. Jam be removed to the Eastern District of Michigan within 14 days of his first appearance in the Western District of North Carolina. Therefore, the Court is merely being asked to issue an order in aid and furtherance of a previous order in this case.

The Court is also being asked to exercise its authority for the health and safety of Mr. Jam, as well as his Fifth and Sixth Amendment rights to due process. Courts have long recognized their obligation to consider the health and safety of custodial defendants in criminal cases, Cf, *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); see also, *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998).

In light of the fact that there is no objection to the request, the medical risks and legal risks and burdens on Mr. Jam are substantial, and the United States Marshal Service has the logistical ability to comply with such an order, defendant Arash Jam requests this Honorable Court and or an order directing the United States Marshal Service to immediately and directly transport Mr. Jam from his current place of confinement to the Eastern District of Michigan.

                                                Respectfully submitted,

                                                *S/ William W. Swor*
                                                WILLIAM W. SWOR (P21215)
                                                Attorney for Arash Yousefi Jam
                                                2450 Guardian Building
                                                500 Griswold Street
                                                Detroit, MI 48226
                                                (313) 967-0200
                                                wwswor@wwnet.net

DATED: January 15, 2021

Case 2:20-cr-20550-SJM-RSW   ECF No. 9, PageID.64   Filed 01/15/21   Page 7 of 7

## Certificate of Service

    I hereby certify that on January 15, 2021, I electronically filed the foregoing Emergency Motion and Memorandum in Support for Order Compelling United States Marshall to Directly Transfer Defendant to Eastern District of Michigan or for Order Releasing Defendant To Appear in This District, with the Clerk of the Court using the ECF system, which gives notification to all attorney's of record.

                                  /s/ *William W. Swor*
                                WILLIAM W. SWOR (P21215)